## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

EMILY TEMAN, individually and on
behalf of all others similarly situated,

      Plaintiff,

vs.

INTAKE DESK, LLC,

      Defendant.

Case No. 1:25-cv-10647-MJJ

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO DISMISS COMPLAINT

Defendant Intake Desk, LLC ("**Defendant**") moves to dismiss Plaintiff Emily Teman's ("**Plaintiff**") Class Action Complaint (ECF No. 1; "**Complaint**"), which asserts a single cause of action for alleged violations of the Telephone Consumer Protection Act's ("**TCPA**") do not call ("**DNC**") provisions. The Complaint suffers from incurable, fatal pleading deficiencies because it does not and cannot allege that any "telephone solicitations" took place, a threshold obstacle that Plaintiff cannot overcome. The Complaint should be dismissed with prejudice.

## I.    PLAINTIFF'S ALLEGATIONS

1.    Plaintiffs alleges that she "received more than a dozen calls from Intake Desk over several months in 2023." Compl. ¶ 17.

2.    However, Plaintiff does not allege that she answered a single one of these phone calls. She alleges nothing about the content of the calls, except that Intake Desk was allegedly "trying to get the plaintiff for lawsuits related to personal injury," and that "upon information and belief" the subject of these lawsuits was "talcum powder." *Id.* ¶¶ 19-20.

3.    Plaintiff also fails to allege the dates of the alleged calls, except vaguely that they allegedly occurred "over several months in 2023." *Id.* ¶ 17.

4.      Because her number was allegedly listed on the National Do Not Call Registry at that time, Plaintiff therefore claims that the calls violated the TCPA. *Id.* ¶¶ 16, 32-37.

5.      Plaintiff's only other allegations concerning her telephone number are simply that it "is a non-commercial number not associated with any business," and that it "is used for personal residential purposes." *Id.* ¶¶ 14-15. Plaintiff alleges nothing further about this phone line or her use of it.

6.      On the basis of these allegations, Plaintiff seeks not only statutory damages under the TCPA, but also an injunction and treble damages. *Id.* ¶¶ 36-37.

7.      Plaintiff does not allege any ongoing conduct by Intake Desk.

8.      In support of her request for treble damages, Plaintiff alleges no additional factual matter other than the bare assertion, without elaboration, that "violations were willful or knowing." *Id.* ¶ 37.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

### A.    Standard for Motions to Dismiss

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* The Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim to survive a motion to dismiss. *Id.* at 677-78. It is insufficient for "a complaint [to] plead[] facts that are 'merely consistent with' a defendant's liability" because the stated ground for relief must be "plausible" and not just

"possible." *Twombly*, 550 U.S. at 557. The Court need not accept "mere conclusory statements," or "legal conclusions couched as a factual allegation." *Id.* at 555.

Plaintiff fails to state a valid claim for relief under the TCPA's DNC provisions for a number of reasons, requiring dismissal.

**B.    Plaintiff Does Not Sufficiently Allege That a Solicitation Took Place**

Plaintiff asserts that Defendant violated TCPA by making calls to Plaintiff without her consent, despite that her number was on the National Do Not Call Registry. Plaintiff does not plead sufficient facts supporting such a claim, and relies mostly (if not entirely) on conclusions and speculation, which are plainly insufficient.

The statute states that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may assert a claim. 47 U.S.C. § 227(c)(5) (emphasis added). The concomitant regulation provides that "no person or entity shall initiate any ***telephone solicitation*** to… a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government."  47 C.F.R. § 64.1200(c)(2) (emphasis added). In order to assert a claim, Plaintiff must allege that she received more than one "telephone solicitation" initiated by Defendant in a 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

"Telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15). Plaintiff alleges that she received "more than a dozen calls" from Defendant "over several months in 2023." Compl. ¶ 17. Plaintiff does not provide any details whatsoever about any of the calls.  In fact, she provides no factual content at all. She does not even allege on what dates they took place. And she does not allege that she answered a single one of

those calls, and thus, cannot assert what the calls were about or would have been about if she answered. Indeed, without providing any detail about the content of the calls, Plaintiff alleges, merely in conclusory manner, that the calls were "telemarketing calls" (*id.*, ¶ 19), through which, Defendant was "trying to get the plaintiff for lawsuits related to personal injury… upon information and belief, related to talcum powder." *Id.*, ¶¶ 19-20. Plaintiff's allegations about the content of the calls she purports to have "received" are conclusory and speculation, as she does not allege that she answered them.

As multiple federal courts have squarely held, Plaintiff's admissions are fatal to her claim. For example, one federal court in Pennsylvania recently dismissed a similar complaint because the plaintiff did not, and could not, plead that a solicitation took place. *See Weingrad v. Top Healthcare Options Ins. Agency Co.*, No. CV 23-5114, 2024 WL 4228149 (E.D. Pa. Sept. 17, 2024). There, a case where Plaintiff's counsel Anthony Paronich was also counsel of record, the Court dismissed a similar complaint because the plaintiff did not, and could not, plead that a solicitation took place. *Id.* at *4. Plaintiff alleged that "the purpose of the call was to sell the Plaintiff health insurance," but the Court held this insufficient to "plead a statutory violation without further factual enhancement." *Id.* The Court held that "[c]all recipients must do more than allege the calls in question were telephone solicitations," but plaintiff's bare allegations failed to do so, because they did not describe the content of the calls. *Id.*

Likewise here, Plaintiff has not sufficiently alleged the content of the calls to show that any of them were "solicitations." She alleges only that "Intake Desk was trying to get the plaintiff for lawsuits related to personal injury," and that "[t]he personal injury lawsuit … was, upon information and belief, related to talcum powder." Compl. ¶¶ 19-20. These allegations mirror those which were dismissed in *Weingrad.* Plaintiff here has alleged the alleged "purpose of the call" in

general terms—signing up participants in a lawsuit—just as in *Weingrad* the defendants allegedly called "to sell the Plaintiff health insurance." 2024 WL 4228149, at \*4. Both equally as conclusory and without factual support.  In fact, the Complaint here alleges even *less* than in *Weingrad*, where the plaintiff at least alleged that he answered one of the disputed calls. *Id.* Without more, Plaintiff has failed to allege the necessary factual support to show a "telephone solicitation."

 *Gillam v. Reliance First Cap., LLC*, No. 21-cv-4774-JMA-JMW, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) is also instructive. There, the plaintiff asserted a violation of the same section of the TCPA at issue here – 47 U.S.C. § 227(c) – and alleged that the defendant made multiple phone calls to him despite him being on the "do not call" list. *Id.*, at \*1. The *Gillam* Court dismissed the complaint *with prejudice* and held that plaintiff failed to state a claim as a matter of law, because he was unable to plausibly allege that a "telephone solicitation" took place. *Id.*, \*3. That complaint alleged that the caller had "solicit[ed] refinancing products." *Id.* The court held that "without any" additional "factual support," the complaint failed "to allege sufficient facts regarding the content of the calls from which the Court could infer ... the purpose of the calls." *Id.* at \*3. Here, allegations that Intake Desk called "to sign the Plaintiff up for" a "personal injury lawsuit" suffer from the same deficiency. *See also Gulden v. Consolidated World Travel Inc.*, No. 16-01113, 2017 WL 3841491 (D. Ariz. Feb. 15, 2017) (dismissing complaint which "d[id] not describe the calls, but simply aver[red] that the calls were made 'for the purpose of soliciting for [Defendant's] products or services'" and holding that it was insufficient for plaintiff to fail to provide "factual support that would allow the court to draw a reasonable inference that this is true… which *Twombly* specifically prohibits").

 Indeed, Plaintiff's Complaint merely asserts that Defendant was "trying to sign the Plaintiff up for lawsuits related to talcum powder." Compl., ¶¶ 19-20.  There is no allegation that Defendant

was trying to "sell" Plaintiff anything.  This is an important point.  What little Plaintiff *does* allege about the calls only confirms that the Complaint fails to allege that a "solicitation" took place. Plaintiff alleges only that the calls were made for the purpose of "trying to get the plaintiff for lawsuits related to personal injury," which was "upon information and belief, related to talcum powder." Compl. ¶¶ 19-20. Thus the Complaint never alleges that the purpose of the calls was to *sell* Plaintiff anything.  And it is well settled that calls are not "telephone solicitations" under the TCPA if they do not sell anything.  *See, e.g., Hulce v. Zipongo Inc.*, No. 24-1623, 132 F.4th 493, 500 (7th Cir. 2025) (holding that calls do not fall within the definition of "telephone solicitation" where the caller "did not initiate them with the purpose of persuading or urging anyone to pay for its services," but rather, offered free services); *Rockwell v. Medicus Healthcare Solutions*, 2025 WL 959745 (W.D.N.Y. Mar. 31, 2025) (granting motion to dismiss and holding that recruitment calls, notifying the called party of job opportunities, were not "telephone solicitations" because they did not sell or market a product or service).

The communications at issue here are the same as in *Rockwell* and *Hulce*.  They did not offer to sell anything, or market any goods or services.  And Plaintiff does not offer support for that proposition <u>at all</u> in the Complaint – nor could he.

Plaintiff should not be permitted to amend.  Plaintiff cannot plead facts concerning any calls (indeed, she does not even allege the dates on which the calls were made) and thus cannot provide further details related to the calls or plead facts showing a "telephone solicitation." Since, as she admits, she did not engage the caller, any purported facts supporting the content of those calls would be speculation and conjecture. *See, e.g., MW Gestion v. 1Globe Cap. LLC*, No. CV 22-11315-NMG, 2025 WL 1179794, at *2 (D. Mass. Apr. 23, 2025) ("Leave to amend will also be denied if it would be "futile" such that the amended complaint would fail to state a claim upon

which relief can be granted."); *HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 578 (1st Cir. 2014) ("[A] judge may deny leave if amending the pleading would be futile."); *Snyder v. Perry*, 2015 WL 1262591, at *12 (E.D.N.Y. Mar. 18, 2015) ("[W]here the plaintiff is unable to demonstrate that [s]he would be able to amend [her] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.") (citing *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999)).

Plaintiff's inability to allege that any telephone solicitations occurred is fatal to her claim. Since amendment would be futile, the Complaint should be dismissed with prejudice. *O'Leary v. New Hampshire Boring, Inc.*, 323 F.R.D. 122, 126 (D. Mass. 2018) ("futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted"); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (same); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts[.]") (internal quotation marks omitted)).

### C.  Plaintiff Does Not sufficiently Allege That She is a Residential Subscriber

On its face, the relevant statutory provisions only apply to "residential telephone subscriber[s]." *See* 47 C.F.R. § 64.1200(c)(2) (stating that "no person or entity shall initiate any telephone solicitation to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry").

To successfully bring a claim, Plaintiff must allege <u>actual facts</u> (not mere conclusions) supporting that the subject number is <u>actually used</u> for "residential" purposes. *See, e.g.*, *Cunningham v. Rapid Response Monitoring Servs., Inc.,* 251 F. Supp. 3d 1187, 1201 (M.D. Tenn. 2017); *Cunningham v. Politi,* 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted,* 2019 WL 2524737 (June 19, 2019); *Hicks v. Alarm.com*, 2020 WL 9261758, at *5 (E.D.

Va. Aug. 6, 2020); *Smith v. Vision Solar LLC*, 2020 WL 5632653, at *3 (E.D. Pa. Sept. 21, 2020); *Smith v. Am.-Amicable Life Ins. Co. of Texas*, 2022 WL 1003762, at *3 (E.D. Pa. Apr. 4, 2022). But the Complaint does not do that. It merely contains a formulaic allegation that the number was "used for personal residential purposes." Compl. ¶ 15. That is it. Nothing more. As one court noted when dismissing a similar TCPA claim, Plaintiff's mere conclusion that the number is a "residential" line "are not factual allegations, but legal terms drawn from the operative statute" and thus need not be accepted as true under Rule 12(b)(6). *Morgan v. U.S. Xpress, Inc.*, 2018 WL 3580775, at *2 (W.D. Va. July 25, 2018).

Plaintiff's conclusory allegation that the phone at issue is "used for personal residential purposes" is insufficient to state a claim, which requires that she plausibly show that she is a "residential telephone subscriber." *See* 47 C.F.R. § 64.1200(c)(2). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. 662, at 678. Though a complaint need not contain detailed factual allegations, it must allege sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff has failed to plead facts supporting a viable claim.

### D.    Plaintiff Lacks Standing to Seek Injunctive Relief

Plaintiff's Complaint seeks injunctive relief. *See* Compl., ¶ 36. To the extent her claim survives, the request for injunctive relief should be dismissed.

The Complaint merely refers to past conduct "over several months in 2023." Compl., ¶ 17. But it is tellingly devoid of tangible allegations that there is a threat of future calls, which Plaintiff does not allege are continuing, or continued beyond when she last received them years ago in 2023. In fact, Plaintiff admits that "the calls continued ***until*** Plaintiff blocked all of the phone numbers that Defendant" allegedly called from. *Id.*, ¶ 22 (emphasis added). This is a fatal

admission that proves that the calls are certainly not continuing.  Thus, Plaintiff has not made and cannot make a showing of a threat of future harm or repeated injury.

Under long-standing Supreme Court precedent, Plaintiff lacks standing to seek injunctive relief. Standing for such relief requires "a real and immediate threat of repeated injury," which is "necessary to make out a case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). Without more, it is "no more than speculation to assert" that the plaintiff faces the threat of future harm, and "the speculative nature of [the] claim that [the plaintiff] will again experience injury" deprive the plaintiff of standing to seek prospective relief. *Id.* at 109; *see also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 109 (1998) ("'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974))); *see also Steir v. Girl Scouts of the USA*, 383 F.3d 7, 16 (1st Cir. 2004) (same).

To be entitled to a forward-looking remedy, a plaintiff must satisfy the basic requisites of equitable relief—"the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law." *Id.* It is not enough for a plaintiff to assert that she "could be" subjected in the future to the effects of an unlawful policy or illegal conduct by a defendant—the prospect of harm must have an "immediacy and reality." *Id.* (citations omitted); *see also McNair v. Synapse Grp. Inc.,* 672 F.3d 213, 225 (3d Cir. 2012) (holding that past injuries "may suffice to confer individual standing for monetary relief" but "a plaintiff seeking injunctive relief must demonstrate a likelihood of future harm"); *Free Speech Coal., Inc. v. Att'y Gen. United States*, 825 F.3d 149, 166 (3d Cir. 2016) (same).

Courts routinely dismiss injunctive relief requests in TCPA cases when confronted with similar circumstances. *See, e.g.*, *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251-

52 (S.D. Fla. 2019) (granting motion to dismiss request for injunctive relief in TCPA case for lack of standing, where there was nothing suggesting the possibility of future injuries, and the complaint lacked "any allegations or otherwise show[ed] that he, or any member of the putative class, will ever again receive [calls] from Defendant in the future"); *Zononi v CHW Group, Inc.*, 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla Mar. 7, 2023) (holding that plaintiff lacked standing to seek injunctive relief in TCPA case and granting motion to dismiss where there were "no allegations to suggest a threat of future injury, other than the mere fact of past injuries. Without more, past injuries alone do not suffice."); *Lyman v. Excel Impact, LLC*, 23-CV-23767-BB, 2024 WL 982562 (S.D. Fla, Feb. 28, 2024) (holding that "Plaintiff's mere[] alleg[ation] that the harm will likely continue" is insufficient to confer standing); *Smith v. Miorelli*, No. 22-10663, 2024 WL 770360, at *4 (11th Cir. Feb. 26, 2024) (holding that plaintiffs lacked Article III standing to pursue injunctive relief where "none of named plaintiffs alleged any threat of future injury, let alone a threat that was real and immediate"); *Hinesley v. Ensurem II, LLC*, No. 23-cv-5286-TKW-HTC, ECF No. 51, at pp. 7-11 (N.D. Fla. May 21, 2024) (dismissing request for injunctive relief in TCPA complaint where Plaintiff did not "adequately allege standing to seek that relief" where the complaint only alleged past injuries – namely, allegedly receiving 10 phone calls in the distant past, and did not allege that the plaintiff continued to receive the calls or that there was a threat they would continue); *Weingrad*, 2024 WL 4228149, at *7 (holding that plaintiff lacked standing to assert a claim or support a request for injunctive relief because he did "not plead threat of future harm" because the calls at issue were not alleged to be continuing).

Like in the cited cases, there is no threat of future harm here, nor any allegations from which the Court could infer same. Plaintiff lacks standing to seek injunctive relief.

**E.**    **Plaintiff's Request for Treble Damages Should be Dismissed or Stricken**

Plaintiff concludes without support that Defendant's violations of the TCPA were "willful or knowing," giving rise to treble damages. *See* Compl., ¶¶ 37. There are no details supporting that conclusion. Just bare, conclusory assertions.

When a complaint is bereft of such factual allegations, a treble damages claim in a TCPA complaint is properly dismissed or stricken. *See, e.g., Weingrad*, 2024 WL 4228149, at *5 (granting motion to dismiss treble damages claim and holding that a single conclusory and unsupported statement that TCPA violations were willful or knowing were insufficient to state a claim for treble damages"); *Blair v. Assurance IQ LLC*, No. C23-0016-KKE, 2023 WL 6622415, at *4 (W.D. Wash. Oct. 11, 2023) (dismissing request in plaintiff's complaint for treble damages as the complaint made "no allegation that [defendant's] alleged conduct was willful and knowing," and certainly provided no proof of allegations supporting the same); *Sterling v. Securus Techs., Inc.*, 2020 WL 2198095, at *6 (D. Conn. May 6, 2020) (dismissing treble damages claim where allegations that TCPA violations were willful or knowing were mere legal conclusions unsupported by specific factual allegations); *Hunsinger v. Dynata LLC*, No. 3:22-CV-00136-G-BT, 2023 WL 2377481, at *7 (N.D. Tex. Feb. 7, 2023), *report and recommendation adopted*, No. 3:22-CV-0136-G-BT, 2023 WL 2386710 (N.D. Tex. Mar. 4, 2023) (dismissing claim for treble damages under TCPA for being insufficiently pled); *McCullough v. Maximum Title Loans LLC*, No. CV-19-00717-PHX-JJT, 2019 WL 3933754, at *3 (D. Ariz. Aug. 20, 2019) (dismissing request for treble damages for willful and knowing violation of the TCPA for insufficient pleading, and finding that the facts supporting an inference that the calls at issue knowingly or willfully violated the TCPA must be pleaded specifically, and threadbare allegations are insufficient); *Fania v. Verified Docu Serv., Inc.*, No. 8:22-cv-2652-MSS-CPT, 2024 WL 1012963, at *5 (M.D. Fla. Mar. 8, 2024) (denying plaintiff's motion for final default judgment because the allegations of the

complaint failed to demonstrate that trebling of damages was warranted and holding that Plaintiff's conclusory allegations were "insufficient to establish that Defendant 'willfully or knowingly' violated the TCPA"); *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *5 (M.D. Fla. Mar. 2, 2022), *report and recommendation adopted in part, rejected in part*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022) (rejecting motion for default judgment and recommending that the Court "decline to award treble damages" because the complaint contained "no factual allegations to establish that defendants willfully or knowingly violated the TCPA, other than conclusory statements that the violations were 'knowing and/or willful.'"); *Lary v. Trinity Physician Fin.*, 780 F.3d 1101, 1107 (11th Cir. 2015) ("[T]he bare assertion in [plaintiff's] complaint that the defendants willfully or knowingly violated the Act was a legal conclusion, not an allegation of fact that we must accept as true."); *Lucas v. Monitronics Int'l, Inc.*, 2020 WL 6440255, at *2, n.3 (S.D. Ohio Nov. 3, 2020) (declining to award treble damages for motion for default judgment, holding that "plaintiff's conclusory allegation that [defendant's] actions were 'willful' is nothing more than a legal conclusion couched as a factual allegation") (citing *Twombly*).

 If her claim survives, Plaintiff's request for treble damages should be stricken.

## III. <u>CONCLUSION</u>

 **WHEREFORE**, Defendant respectfully requests that this Court enter an order dismissing Plaintiff's Complaint, awarding Defendant attorneys' fees and costs to the fullest extent permitted by law, and granting such further and additional relief as the Court deems just and proper.

Dated: May 14, 2025     Respectfully submitted,

        */s/ Jeffrey B. Pertnoy*
        Jeffrey B. Pertnoy, Esq. (*pro hac vice*)
        Florida Bar No. 91939
        jeffrey.pertnoy@akerman.com
        **AKERMAN LLP**

Phone:  (305) 374-5600
Fax:  (305) 659-6313

Paul M. Kessimian (BBO # 660306)
James P. McGlone (BBO # 707486)
**PARTRIDGE SNOW & HAHN LLP**
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200
(401) 861-8210 FAX
jmcglone@psh.com

### CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2025, a true and correct copy of the foregoing was served

*via* the Court's CM/ECF filing system.

/s/ Jeffrey B. Pertnoy
Attorney

13