## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

EMILY TEMAN, individually and on behalf
of all others similarly situated,

          *Plaintiff*,

v.

INTAKE DESK LLC,

          *Defendant*.

C.A. No. 1:25-cv-10647-MJJ

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
### MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT

Defendant Intake Desk, LLC ("Defendant") moves to dismiss Plaintiff Emily Teman's ("Plaintiff") First Amended Class Action Complaint (ECF No. 15; "Complaint"), which, like the initial complaint, asserts a single cause of action for an alleged violation of the Telephone Consumer Protection Act's ("TCPA") do not call ("DNC") provisions. The Complaint suffers from incurable, fatal pleading deficiencies because it does not (and cannot) allege that any "telephone solicitations" took place, a threshold obstacle that Plaintiff has not and cannot overcome. In short, there is no allegation to show that the telephone calls allegedly placed were "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" The amendments do not change that result. For that reason, and others spelled out more fully below, the Complaint should be dismissed with prejudice.

## I.      PLAINTIFF'S ALLEGATIONS

1.      Plaintiff alleges that she "received more than a dozen calls from Intake Desk over several months in 2023."  Compl. ¶ 21.

2.      However, Plaintiff does not allege that she answered a single one of these phone calls. She alleges nothing about the content of the calls, but claims that "[b]ased on voicemails [Defendant] left," Defendant was allegedly "trying to sell Plaintiff legal services by recruiting her to participate in class action lawsuits related to talcum lawsuits." *Id.* ¶ 23.

3.      Plaintiff claims that the voicemails were "solicitous in nature because they offered Plaintiff legal services when she had no prior lawyer-client relationship" with Defendant and "it was implied Plaintiff would pay for any legal services provided." *Id.*

4.      Plaintiff fails to allege the dates of the alleged calls, except vaguely that they allegedly occurred "over several months in 2023." *Id.* ¶ 21.

5.      Because her number was allegedly listed on the National Do Not Call Registry at that time, Plaintiff therefore claims that the calls violated the TCPA. *Id.* ¶ 20.

6.      Plaintiff's only other allegations concerning her telephone number are simply that it "is a non-commercial number not associated with any business"; that it is a landline "used for personal and household purposes only"; that Plaintiff "uses her telephone primarily to communicate with friends and family, and also to schedule personal appointments and for other household purposes"; and that Plaintiff "has never used the line for a business purpose, such as for her own business or another." *Id.* ¶¶ 16-19.[1]

7.      On the basis of these allegations, Plaintiff seeks not only statutory damages under the TCPA, but also an injunction and treble damages. *Id.* ¶¶ 27, 39-41.

---

[1] Plaintiff and her counsel have been put on notice that this final statement is likely untrue. Rather the phone at issue is associated with a business, as well as personal household use. *See, e.g.,* ECF No. 39, at 6-7, *Teman v. Select Justice, LLC*, Case No. 24-cv-12656 (D. Mass. June 3, 2025) (Defendant's Supplemental Brief in Support of Its Cross-Motion to Stay Discovery). Notably, this same filing also shows that Plaintiff (through her daughter, Stacey Sibulesky) expressly consented to the subject calls and signed up to receive them from the same IP address at issue in this case. *Id.* at 4-5.

8.      Plaintiff does not allege any ongoing calling conduct by Defendant, and instead points to allegedly ongoing emails to Plaintiff as a basis to seek injunctive relief. *Id.* ¶ 25. Obviously, emails do not violate or even implicate the TCPA.

9.      In support of her request for treble damages, Plaintiff alleges no additional factual matter other than the bare assertion, without elaboration, that "violations were willful or knowing." *Id.* ¶¶ 27, 39-41.

## II.    THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

### A.    Standard for Motions to Dismiss

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To defeat such a motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "[A] formulaic recitation of the elements of a cause of action will not do." *Id*. Instead, the Court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim to survive a motion to dismiss. *Id.* at 677-78. It is insufficient for "a complaint [to] plead[] facts that are 'merely consistent with' a defendant's liability" because the stated ground for relief must be "plausible" and not just "possible." *Twombly*, 550 U.S. at 557. The Court need not accept "mere conclusory statements," or "legal conclusions couched as a factual allegation." *Id.* at 555.

Plaintiff fails to state a valid claim for relief under the TCPA's DNC provision, requiring dismissal.

**B.**    **Plaintiff Does Not Sufficiently Allege That a Solicitation Took Place**

Plaintiff seeks thousands of dollars for phone calls she never answered. She asserts that Defendant violated the TCPA by making calls to Plaintiff without her consent, and that her number was on the National Do Not Call Registry. Plaintiff does not plead sufficient facts supporting such a claim, and relies mostly (if not entirely) on conclusions and speculation, which are plainly insufficient.

The statute states that "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection" may assert a claim. 47 U.S.C. § 227(c)(5) (emphasis added). The concomitant regulation provides that "no person or entity shall initiate any ***telephone solicitation*** to… a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. § 64.1200(c)(2) (emphasis added).

"Telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(15). Plaintiff alleges that she received "more than a dozen calls" from Defendant "over several months in 2023." Compl. ¶ 11. However, allegation of mere "calls" is not enough.

Plaintiff does not provide any details whatsoever about any of the calls themselves or how they amount to "telephone solicitations." In fact, she provides no factual content at all. She does not allege on what dates they took place. And she does not allege that she answered a single call, and thus cannot assert what the calls were about or would have been about if she had answered. Indeed, without providing any detail about the content of the calls, Plaintiff alleges, merely in conclusory manner, that the calls were telemarketing calls that tried to get Plaintiff to sign up for

class action lawsuits. Plaintiff's allegations about the content of the calls are conclusory and speculative, as she does not allege that she answered them.

The only details she provides about any calls are "[b]ased on the voicemails [Defendant] left for Plaintiff," which Plaintiff asserts were "solicitous in nature because they offered Plaintiff legal services when she had no prior lawyer-client relationship" with Defendant and "it was implied Plaintiff would pay for any legal services provided." *Id.* ¶ 23. Tellingly, Plaintiff does not summarize, paraphrase, describe, quote from, reproduce, provide a transcript from, or otherwise try to provide any details whatsoever about any alleged voicemails or calls from which this supposed implication could be drawn. This renders her allegation conclusory.

As multiple federal courts have squarely held, these defects are fatal to Plaintiff's claim. For example, one federal court in Pennsylvania recently dismissed a similar complaint because the plaintiff did not, and could not, plead that a solicitation took place. *See Weingrad v. Top Healthcare Options Ins. Agency Co.*, No. 23-CV-5114, 2024 WL 4228149 (E.D. Pa. Sept. 17, 2024). There, a case where Plaintiff's counsel Anthony Paronich was also counsel of record, the Court dismissed a similar complaint because the plaintiff was unable to carry his burden of pleading that a solicitation took place. *Id.* at *4. Plaintiff there alleged that "the purpose of the call was to sell the Plaintiff health insurance," but the Court held this insufficient to "plead a statutory violation without 'further factual enhancement.'" *Id.* The Court held that "[c]all recipients must do more than allege the calls in question were telephone solicitations," and that a plaintiff's bare allegations fail to do so, because they do not describe or provide any detail regarding the actual content of the calls. *Id.*

Likewise here, Plaintiff has not sufficiently alleged the content of the calls to show that any of them were "solicitations." She alleges only that Defendant's voicemails tried to sell Plaintiff

legal services by recruiting her to participate in a class action lawsuit related to talcum powder. Compl. ¶¶ 23. These allegations effectively mirror those which were dismissed in *Weingrad.* Plaintiff here has alleged the alleged "purpose of the call" in general terms—signing up participants in a lawsuit—just as in *Weingrad* the defendants allegedly called "to sell the Plaintiff health insurance." 2024 WL 4228149, at *4. Both allegations are equally conclusory and without factual support. In fact, the Complaint here alleges even *less* than in *Weingrad*, where the plaintiff at least alleged that he answered one of the disputed calls. *Id.* Without more, Plaintiff has failed to allege the necessary factual support to show a "telephone solicitation."

*Gillam v. Reliance First Cap., LLC*, No. 21-CV-4774, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023) is also instructive. There, the plaintiff asserted a TCPA violation and alleged that the defendant made multiple phone calls to him despite him being on the "do not call" list. *Id.*, at *1. The *Gillam* court dismissed the complaint *with prejudice* and held that plaintiff failed to state a claim as a matter of law, because he was unable to plausibly allege that a "telephone solicitation" took place. *Id.*, *3. That complaint alleged that the caller had "solicit[ed] refinancing products." *Id.* The court held that "without any" additional "factual support," the complaint failed "to allege sufficient facts regarding the content of the calls from which the Court could infer ... the purpose of the calls." *Id.* at *3. Here, allegations that Intake Desk called to sign the Plaintiff up for class action lawsuits related to talcum powder suffer from the same deficiency. *See also Gulden v. Consolidated World Travel Inc.*, No. 16-CV-1113, 2017 WL 3841491 (D. Ariz. Feb. 15, 2017) (dismissing complaint which "d[id] not describe the calls, but simply aver[red] that the calls were made 'for the purpose of soliciting for [Defendant's] products or services'").

Indeed, Plaintiff's Complaint, even after amendment, merely asserts a few bare bones and conclusory statements about the content of the alleged calls. Compl. ¶ 23. In reality, there are no

6

allegations that Defendant was trying to "sell" Plaintiff anything, despite the use of that catchphrase. This is an important point. What little Plaintiff *does* allege about the calls only confirms that the Complaint fails to allege that a "solicitation" took place. Plaintiff alleges only that the calls were made for the purpose of trying to have Plaintiff participate in a class action lawsuit. *Id.* Thus, the Complaint never alleges that the purpose of the calls was to *sell* Plaintiff anything. And it is well settled that calls are not "telephone solicitations" under the TCPA if they do not sell anything. *See, e.g., Hulce v. Zipongo Inc.*, No. 24-1623, 132 F.4th 493, 500 (7th Cir. 2025) (holding that calls do not fall within the definition of "telephone solicitation" where the caller "did not initiate them with the purpose of persuading or urging anyone **to pay** for its services," but rather, offered free services) (emphasis added); *Rockwell v. Medicus Healthcare Solutions*, No. 24-CV-128, 2025 WL 959745 (W.D.N.Y. Mar. 31, 2025) (granting motion to dismiss and holding that recruitment calls, notifying the called party that of job opportunities, were not "telephone solicitations" because they did not sell or market a product or service).

The communications at issue here are the same as in *Rockwell* and *Hulce*. They did not offer to sell anything, or market any goods or services. And Plaintiff does not offer support for that proposition <u>at all</u> in the Complaint – nor could she. Rather, Plaintiff only offers the conclusory allegation that "*it was implied* Plaintiff would pay for any legal services," without alleging any basis for such an implication. Compl. ¶ 23 (emphasis added). Plaintiff thus offers no factual allegation, but rather, simply recites the legal requirement that an offer to sell take place, without alleging any actual communications doing so. Tellingly, Plaintiff also alleges that Defendant's calls sought to enroll her in class-action lawsuits, and so by their nature did not "urg[e] [Plaintiff] to pay for" any "services," *Hulce*, 132 F.4th at 500.

Plaintiff should not be permitted to amend. Plaintiff cannot plead facts concerning any calls (indeed, she does not even allege the dates on which the calls were made) and thus cannot provide further details related to the calls or plead facts showing a "telephone solicitation." Since, as she admits, she did not engage the caller, any purported facts supporting the content of those calls would be speculation and conjecture. *See, e.g., MW Gestion v. 1Globe Cap. LLC*, No. 22-CV-11315, 2025 WL 1179794, at *2 (D. Mass. Apr. 23, 2025) ("Leave to amend will also be denied if it would be "futile" such that the amended complaint would fail to state a claim upon which relief can be granted."); *HSBC Realty Credit Corp. (USA) v. O'Neill*, 745 F.3d 564, 578 (1st Cir. 2014) ("[A] judge may deny leave if amending the pleading would be futile."); *Snyder v. Perry*, No. 14-CV-2090, 2015 WL 1262591, at *12 (E.D.N.Y. Mar. 18, 2015) ("[W]here the plaintiff is unable to demonstrate that [s]he would be able to amend [her] complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied.") (citing *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999)).

Plaintiff's inability, even after amending, to allege that any telephone solicitations occurred is fatal to her claim. Since amendment would be futile, the Complaint should be dismissed with prejudice. *O'Leary v. New Hampshire Boring, Inc.*, 323 F.R.D. 122, 126 (D. Mass. 2018) ("futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted"); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996) (same); *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) ("[A] plaintiff can plead himself out of court by alleging facts which show that he has no claim, even though he was not required to allege those facts[.]" (internal quotation marks omitted)).

### C.        **Plaintiff Lacks Standing to Seek Injunctive Relief**

To the extent her claim survives, Plaintiff's request for injunctive relief should be dismissed. The Complaint refers only to past conduct "over several months in 2023." Compl. ¶ 21. But it is tellingly devoid of allegations that there is a threat of future calls. Plaintiff does not allege that calls are continuing, or continued at all beyond 2023.[2]

Plaintiff's new allegations add nothing to change the analysis. She now alleges that emails (not calls) continued. Compl. ¶ 25. But emails do not violate or even implicate the TCPA. Even if true, such alleged conduct does not constitute a TCPA violation and cannot give rise to a claim for injunctive relief.

Plaintiff has not made and cannot make a showing of a threat of future harm or repeated injury. Under long-standing Supreme Court precedent, Plaintiff lacks standing to seek injunctive relief. Standing for such relief requires "a real and immediate threat of repeated injury," which is "necessary to make out a case or controversy." *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). Without more, it is "no more than speculation to assert" that the plaintiff faces the threat of future harm, and "the speculative nature of [the] claim that [the plaintiff] will again experience injury" deprive the plaintiff of standing to seek prospective relief. *Id.* at 109; *see also Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 109 (1998) ("'Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief ... if unaccompanied by any continuing, present adverse effects.'" (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974))); *see also Steir v. Girl Scouts of the USA*, 383 F.3d 7, 16 (1st Cir. 2004) (same).

---

[2] Plaintiff's First Amended Complaint omits her prior admission from the original complaint – that "the calls continued ***until*** Plaintiff blocked all of the phone numbers that Defendant" allegedly called from. Complaint, ECF No. 1, ¶ 22 (emphasis added). This was a fatal admission that proved that the calls were certainly not continuing. Plaintiff's intentional omission of this fact from the initial complaint does not alter the analysis.

To be entitled to a forward-looking remedy, a plaintiff must satisfy the basic requisites of equitable relief—"the likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law." *Id.* It is not enough for a plaintiff to assert that she "could be" subjected in the future to the effects of an unlawful policy or illegal conduct by a defendant—the prospect of harm must have an "immediacy and reality." *Id.* (citations omitted); *see also McNair v. Synapse Grp. Inc.,* 672 F.3d 213, 225 (3d Cir. 2012) (holding that past injuries "may suffice to confer individual standing for monetary relief" but "a plaintiff seeking injunctive relief must demonstrate a likelihood of future harm"); *Free Speech Coal., Inc. v. Att'y Gen. United States*, 825 F.3d 149, 166 (3d Cir. 2016) (same).

Courts routinely dismiss injunctive relief requests in TCPA cases when confronted with similar circumstances. *See, e.g.*, *Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1251-52 (S.D. Fla. 2019) (granting motion to dismiss request for injunctive relief in TCPA case for lack of standing, where there was nothing suggesting the possibility of future injuries, and the complaint lacked "any allegations or otherwise show[ed] that [plaintiff], or any member of the putative class, will ever again receive [calls] from Defendant in the future"); *Zononi v CHW Group, Inc.*, No. 22-CV-14358, 2023 WL 2667941, at *5 (S.D. Fla Mar. 7, 2023) (holding that plaintiff lacked standing to seek injunctive relief in TCPA case and granting motion to dismiss where there were "no allegations to suggest a threat of future injury, other than the mere fact of past injuries. Without more, past injuries alone do not suffice."); *Lyman v. Excel Impact, LLC*, No. 23-CV-23767, 2024 WL 982562 (S.D. Fla, Feb. 28, 2024) (concluding that plaintiff lacked standing to seek injunctive relief because he "merely allege[d] that the harm will likely continue") (citing *Robinson v. City of Chicago*, 868 F.2d 959, 968 (11th Cir. 1989)); *Smith v. Miorelli*, 93 F.4th 1206, 1212 (11th Cir. 2024) (holding that plaintiffs lacked Article III standing to pursue injunctive relief where "none of

named plaintiffs alleged any threat of future injury, let alone a threat that was real and immediate"); ECF No. 51, at 7-11, *Hinesley v. Digital Media Solutions LLC*, No. 23-CV-5286 (N.D. Fla. May 21, 2024) (dismissing request for injunctive relief in TCPA complaint because Plaintiff did not "adequately allege standing to seek that relief" by alleging only past injuries – namely, receiving 10 phone calls seven months before plaintiff sued – and failing to allege that the plaintiff continued to receive the calls or that there was a threat they would continue); *Weingrad*, 2024 WL 4228149, at *7 (holding that plaintiff lacked standing to seek injunctive relief because he did "not plead threat of future harm" or allege that the calls at issue were continuing).

As in the cited cases, there is no threat of future harm here, nor any allegations from which the Court could infer same. Plaintiff lacks standing to seek injunctive relief.

**D.      Plaintiff's Request for Treble Damages Should be Dismissed or Stricken**

Plaintiff concludes without support that Defendant's violations of the TCPA were "willful or knowing," giving rise to treble damages. *See* Compl. ¶ 39. There are no details supporting that conclusion. Just a bare, conclusory assertion.

When a complaint is bereft of such factual allegations, a treble damages claim in a TCPA complaint is properly dismissed or stricken. *See, e.g., Weingrad*, 2024 WL 4228149, at *5 (granting motion to dismiss treble damages claim and holding that single conclusory and unsupported statement that TCPA violations were willful or knowing was insufficient to state a claim for treble damages"); *Blair v. Assurance IQ LLC*, No. 23-CV-16, 2023 WL 6622415, at *4 (W.D. Wash. Oct. 11, 2023) (dismissing request in plaintiff's complaint for treble damages as the complaint made "no allegation that [defendant's] alleged conduct was willful and knowing," and certainly provided no proof of allegations supporting the same); *Sterling v. Securus Techs., Inc.*, No. 18-CV-1310, 2020 WL 2198095, at *6 (D. Conn. May 6, 2020) (dismissing treble damages claim where allegations that TCPA violations were willful or knowing were mere legal conclusions

11

unsupported by specific factual allegations); *Hunsinger v. Dynata LLC*, No. 22-CV-00136, 2023 WL 2377481, at *7 (N.D. Tex. Feb. 7, 2023), *report and recommendation adopted*, 2023 WL 2386710 (Mar. 4, 2023) (dismissing claim for treble damages under TCPA for being insufficiently pled); *McCullough v. Maximum Title Loans LLC*, No. 19-CV-717, 2019 WL 3933754, at *3 (D. Ariz. Aug. 20, 2019) (dismissing request for treble damages for willful and knowing violation of the TCPA for insufficient pleading, and finding that the facts supporting an inference that the calls at issue knowingly or willfully violated the TCPA must be pleaded specifically, and threadbare allegations are insufficient); *Perrong v. MLA Int'l, Inc.*, No. 20-CV-1606, 2022 WL 1238603, at *5 (M.D. Fla. Mar. 2, 2022), *report and recommendation adopted in relevant part*, 2022 WL 1238609 (Mar. 18, 2022) (rejecting plea for treble damages in motion for default judgment because the complaint contained "no factual allegations to establish that defendants willfully or knowingly violated the TCPA, other than conclusory statements that the violations were 'knowing and/or willful'"); *Fania v. Verified Docu Serv., Inc.*, No. 22-CV-2652, 2024 WL 1012963, at *5 (M.D. Fla. Mar. 8, 2024) (in TCPA case, denying plaintiff's motion for final default judgment with treble damages was warranted because Plaintiff's allegations were "insufficient to establish that Defendant 'willfully or knowingly' violated the TCPA"); *Lary v. Trinity Physician Fin.*, 780 F.3d 1101, 1107 (11th Cir. 2015) ("[T]he bare assertion in [plaintiff's] complaint that the defendants willfully or knowingly violated the Act was a legal conclusion, not an allegation of fact that we must accept as true."); *Lucas v. Monitronics Int'l, Inc.*, No. 17-CV-374, 2020 WL 6440255, at *2 n.3 (S.D. Ohio Nov. 3, 2020) (declining to award treble damages on motion for default judgment, holding that "plaintiff's conclusory allegation that [defendant's] actions were 'willful' is nothing more than a legal conclusion couched as a factual allegation").

If her claim survives, Plaintiff's request for treble damages should be stricken.

### III.    CONCLUSION

WHEREFORE, Defendant respectfully requests that this Court enter an order dismissing Plaintiff's First Amended Complaint, awarding Defendant attorneys' fees and costs to the fullest extent permitted by law, and granting such further and additional relief as the Court deems just and proper.


DATED: June 11, 2025                            Respectfully submitted,

                                                PARTRIDGE SNOW & HAHN LLP


                                                /s/ James P. McGlone
                                                Paul M. Kessimian (BBO # 660306)
                                                James P. McGlone (BBO # 707486)
                                                40 Westminster Street, Suite 1100
                                                Providence, RI  02903
                                                (401) 861-8200
                                                (401) 861-8210 FAX
                                                pkessimian@psh.com
                                                jmcglone@psh.com


                                                AKERMAN LLP,


                                                /s/ Jeffrey B. Pertnoy
                                                Jeffrey B. Pertnoy (*pro hac vice*)
                                                Three Brickell City Centre
                                                98 Southeast Seventh Street, Suite 1100
                                                Miami, FL 33131
                                                305-374-5600
                                                305-374-5095 FAX
                                                jeffrey.pertnoy@akerman.com

                                                *Counsel for Intake Desk, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of June 2025, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ James P. McGlone
James P. McGlone (BBO # 707486)

4930-0737-6714