# **EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILY TEMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INTAKE DESK, LLC,<br><br>Defendant. | Case No. 1:25-cv-10647-MJJ |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Defendant Intake Desk, LLC ("**Defendant**") files this reply supporting its motion to dismiss (ECF No. 17; "**Motion to Dismiss**") Plaintiff Emily Teman's ("**Plaintiff**") First Amended Class Action Complaint (ECF No. 15; "**Complaint**"). Nothing in Plaintiff's Response in Opposition to the Motion to Dismiss (ECF No. 20; "**Response**") changes the outcome. The Complaint suffers from incurable, fatal pleading deficiencies because it does not (and cannot) allege that any "telephone solicitations" took place. Plaintiff already amended the Complaint once in an effort to cure the deficiencies, and she could not do so. The Complaint should be dismissed with prejudice. This Reply briefly addresses the shortcomings of Plaintiff's Response without rehashing the arguments set forth in the Motion to Dismiss.

**I.     Plaintiff Does Not Sufficiently Allege That a Solicitation Took Place**

Plaintiff alleges that she received "more than a dozen calls" from Defendant "over several months in 2023," Compl. ¶ 11, but does not provide details about the content of the calls themselves. Plaintiff's Response and the cases cited therein focus on the number of calls Plaintiff allegedly received. *See* Response, at 5-8. This argument misses the mark. The pleading defect is

not about whether Plaintiff alleges calls from Defendant (or enough calls), but whether she plausibly alleges anything about the *substance* of these calls which could render them a TCPA "solicitation." She does not. Instead, tellingly, the Response cites to a number of TCPA cases based on text messages, not calls. *See* Response, at 6-7. This is a patently different scenario: with text messages, the content of any message is plainly visible, and there is little doubt about its substance. With calls, however, in order to plausibly allege that a solicitation occurred, a TCPA plaintiff must allege supporting facts about the content of the calls.

That is why Plaintiff's concession that she did not answer any calls is important. Defendant is not trying to "fabricate a novel requirement for TCPA claims" that unanswered calls are not actionable, as Plaintiff asserts. *Id*. at 8-10. Rather, Defendant advocates for the Court to follow the letter of the law, which indisputably requires that Plaintiff plead actual facts that show that a solicitation occurred within any alleged call. Plaintiff's concession that she didn't answer any calls, and her failure to allege the content of the calls, matters not because "answering" is an element of a TCPA claim, but because it means she lacks knowledge of the alleged calls' substance and cannot plead that a solicitation occurred.

The cases cited by Defendant in the Motion to Dismiss are instructive and directly on point, and Plaintiff's attempt to distinguish them falls short. *See Weingrad v. Top Healthcare Options Ins. Agency Co.*, No. 23-CV-5114, 2024 WL 4228149 (E.D. Pa. Sept. 17, 2024); *Gillam v. Reliance First Cap., LLC*, No. 21-CV-4774, 2023 WL 2163775 (E.D.N.Y. Feb. 22, 2023); *Gulden v. Consolidated World Travel Inc*., No. 16-CV-01113, 2017 WL 3841491 (D. Ariz. Feb. 15, 2017); Response at 7-8. In *Weingrad*, the Court squarely held that the complaint was subject to dismissal because plaintiff only pleaded a bare bones conclusion that "the purpose of the call was to sell the Plaintiff health insurance," but "fell short" by failing to support that statement with actual facts.

*Weingrad,* 2024 WL 4228149, at *4. *Weingrad* did not, as Plaintiff suggests, dismiss simply because "the plaintiff failed to allege more than one telephone solicitation." Response, at 7. In fact, the court found only one properly alleged "solicitation" – out of a total of nine alleged calls – precisely because the plaintiff had not answered the other eight calls, and thus did not (and could not) allege the content of those calls. *Id.* at *3-4 ("[Defendant] placed nine calls to Mr. Weingrad. Mr. Weingrad only answered one of these calls. Mr. Weingrad does not allege more than one telephone solicitation within a twelve-month period." (footnotes omitted)). In doing so, the *Weingrad* Court rejected the very argument Plaintiff makes here – that the purpose of a call can be "inferred" without reference to its actual content. *Compare* Response, at 11, *with Weingrad*, 2024 WL 4228149, at *4-5 (rejecting argument that court "can infer the purpose of the call").

Similarly, in *Gillam*, the Court dismissed because the lack of factual content about the call meant that no solicitation was pleaded. Plaintiff's Response tries to distinguish *Gillam* by comparing its "single vague reference to a 'solicitation for refinancing products' to what Plaintiff has alleged here. But the allegations here and in *Gillam*, as well as in *Weingrad*, are the same in all material respects. They all allege, in a conclusory manner, an attempt to "sell something." In *Weingrad*, it was to "sell health insurance"; in *Gillam* it was to "sell refinancing products"; and here, it is a vague reference to "sign up for unspecified class action lawsuits."

Dismissal is required for the same reasons set forth in *Weingrad*, *Gillam* and *Gulden.* Plaintiff alleges no facts about the content of the calls that would show they were solicitations. She cannot assert what the calls were about or would have been about if she answered. She does not summarize, paraphrase, describe, quote from, reproduce, or otherwise try to provide any details whatsoever about any alleged voicemails or calls. But she concludes that they were telemarketing. As multiple federal courts have squarely held, Plaintiff's admissions are fatal to her claim.

3

What little Plaintiff *does* allege about the calls only confirms that the Complaint fails to allege that a "solicitation" took place. Calls are not "telephone solicitations" under the TCPA if they do not sell anything. *See* Motion to Dismiss, at 6-7 (citing *Hulce v. Zipongo Inc.*, 132 F.4th 493, 500 (7th Cir. 2025); *Rockwell v. Medicus Healthcare Solutions*, No. 24-CV-128, 2025 WL 959745 (W.D.N.Y. Mar. 31, 2025)). The communications at issue here are the same as in *Rockwell* and *Hulce*. Plaintiff only offers the conclusory allegation that "*it was implied* Plaintiff would pay for any legal services," Compl., ¶ 23 (emphasis added). Plaintiff also alleges that Defendant's calls sought to enroll her in class-action lawsuits, and so by their nature did not "urg[e] [Plaintiff] to pay for" any "services," *Hulce*, 132 F.4th at 500.

Plaintiff cites to *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195 (S.D.N.Y. 2024) for the proposition that a law firm defendant's calls to recruit clients for Camp Lejeune litigation were "telephone solicitations." *See* Response, at 10. But *Cacho* is distinguishable. The court there discerned the disputed call's purpose from "both the content of the call as well as its context." 739 F. Supp. 3d at 208. It thus held that the plaintiff could state a claim based on the allegations substance of the call, and further allegations that the defendant sent the plaintiff a "retainer agreement" in conjunction with its calls. *Id.* at 208; *see also id.* at 198 (defendant "sent Plaintiff a representation agreement to review and sign" laying out terms of payment by "contingency fee."). By contrast, here, Plaintiff is unable to allege either any similar content or context of the calls, and instead conclusorily alleges that terms of payment were "implied" (in other words, that no such terms were stated on the alleged call). Compl. ¶ 23; *Cf. Weingrad*, 2024 WL 4228149, at *4-5 (rejecting argument that the court "can infer the purpose of the call"). *Cacho* is thus inapposite.

Dismissal is required as Plaintiff has not sufficiently pleaded her claim. Plaintiff should not be permitted to amend and the Complaint should be dismissed with prejudice.

4

**II.     Plaintiff Lacks Standing to Seek Injunctive Relief**

There is no dispute that the TCPA does not govern emails. The Complaint merely refers to alleged phone calls "over several months in 2023," with no alleged threat of future calls. Compl., ¶ 21. Plaintiff does not allege that calls are continuing, or continued at all beyond 2023. All Plaintiff alleges in terms of continuing conduct are emails. But emails do not violate or even implicate the TCPA. Even if true, such alleged conduct does not constitute a TCPA violation and cannot give rise to a claim for injunctive relief. Plaintiff's feeble attempt to circumvent well-settled constitutional standing requirements fails. Plaintiff lacks standing to seek injunctive relief because there is indisputably no threat of future phone calls from Defendant to Plaintiff – which is the specific conduct at issue in this case and subject to Plaintiff's TCPA claims.

Plaintiff cannot support an injunction against alleged unlawful conduct (phone calls to those on the DNC) by citing to alleged ongoing, lawful conduct (emails). Plaintiff tellingly makes no effort to distinguish the legion of cases supporting the Motion to Dismiss on this point. Plaintiff's request for injunctive relief should be dismissed or stricken.

**III.    Plaintiff's Request for Treble Damages Should be Dismissed or Stricken**

The Motion to Dismiss cites, *inter alia*, seven TCPA cases granting the exact relief Defendant seeks here. *See* Motion to Dismiss, at 11-12. Plaintiff does not even attempt to distinguish, or even discuss, a single one. The fact is, Plaintiff's Complaint concludes without support that Defendant's violations of the TCPA were "willful or knowing," giving rise to treble damages. *See* Compl., ¶ 39. There are no details supporting that conclusion. It is just a bare, conclusory assertion, which courts addressing TCPA claims repeatedly find insufficient at the pleadings stage. Thus, if her claim survives, Plaintiff's request for treble damages should be stricken.

DATED: July 23, 2025          Respectfully submitted,

PARTRIDGE SNOW & HAHN LLP

*/s/ James P. McGlone*
Paul M. Kessimian (BBO # 660306)
James P. McGlone (BBO # 707486)
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200
(401) 861-8210 FAX
pkessimian@psh.com
jmcglone@psh.com

AKERMAN LLP,

*/s/ Jeffrey B. Pertnoy*
Jeffrey B. Pertnoy (***pro hac vice***)
Three Brickell City Centre
98 Southeast Seventh Street, Suite 1100
Miami, FL 33131
305-374-5600
305-374-5095 FAX
jeffrey.pertnoy@akerman.com

*Counsel for Intake Desk, LLC*

### CERTIFICATE OF SERVICE

    I hereby certify that on the July 23, 2025, this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

*/s/ James P. McGlone*
James P. McGlone (BBO # 707486)

4904-5925-3079